EDWARD B. HUBBUCH
394 LINCOLN PLACE, APT. A5
BROOKLYN, N.Y. 11238
(646) 544-7597
bhubbuch@gmail.com

RECEIVED
SDNY PRO SE OFFICE
2026 NOV -4 PM 2:25

**VIA IN-PERSON FILING & ECF**

**LETTER-MOTION
IN OPPOSITION TO
RELATED-CASE DESIGNATION
UNDER RULE 13(B)(1)**

November 4, 2026

The Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

**Re: *Hubbuch v. Capital One, N.A.*, No. 26-CV-8670 (VSB) (RWL)**

RECEIVED
SDNY PRO SE OFFICE
2026 NOV -4 PM 2:25

Dear Judge Broderick:

Plaintiff Edward B. Hubbuch, proceeding *pro se*, respectfully submits this letter in opposition to the related-case designation linking this action to *Hubbuch v. Capital One, N.A., et al.*, No. 25-CV-406 (the "406 Action").

Plaintiff requests that the designation be withdrawn and that this case be returned to its prior assignment to the Hon. Jennifer H. Rearden and Magistrate Judge Stewart D. Aaron, or, in the alternative, that the Assignment Committee decline to concur in the designation and the case be assigned by random draw.

## BACKGROUND

Plaintiff filed this action on October 1, 2026. At intake, Plaintiff identified the 406 Action as a potentially related case on the civil cover sheet. (**ECF 3**.) Plaintiff filed the Related Case Statement as required by Rule 13(b)(1) and Local Civil Rule 1.6. He now submits this opposition because the posture of the two actions has materially changed since that filing.

On October 22, 2026, the Clerk assigned this case to Judge Rearden, with Magistrate Judge Aaron designated. On October 30, 2026, the Clerk issued a notice stating "CASE ACCEPTED AS RELATED," redesignated Magistrate Judge Lehrburger, and reassigned the case to this Court.

At the time of the October 30 acceptance, the 406 Action had been terminated for one month and its judgment had been on appeal before the Second Circuit (No. 26-2728) for the

same period. Plaintiff's appellate brief was docketed one day earlier, on October 29, 2026. (No. 26-2728, **ECF 21.1**.)

## THE PREMISE OF THE DESIGNATION HAS CHANGED

The relatedness statement was filed when the 406 Action was pending. That action is now terminated, and its rulings — including the Rule 11 rulings — are under appellate review.

Rule 13(a)(2) provides that civil cases "shall not be deemed related merely because they involve common legal issues or the same parties." The two actions here share one defendant and one former employee, but they do not share operative legal issues. This action asserts claims under the Fair Credit Reporting Act, the Equal Credit Opportunity Act, and New York General Business Law § 349. The 406 Action concerned a "merchant cash advance" transaction and asserted RICO and state common-law claims against multiple defendants, including Funding Metrics LLC.

Most significantly, the 406 Report & Recommendation did not address the 108 credit inquiries that are the core of this action's FCRA claims, nor did this Court ever rule on those inquiries on the merits. This action is therefore not a re-litigation of a decided issue — it is the first proceeding in which those inquiries can be adjudicated.

## COMPLICATIONS THE DESIGNATION CREATES

Assignment of this case to the 406 courtroom creates three issues that withdrawal would avoid:

*First*, Defendant Capital One, N.A., is already actively leveraging the 406 Action to circumvent the merits of this new case. The motion to dismiss filed on November 3, 2026 (**ECF 14**), argues that this lawsuit *"rests on the same inquiry theory Judge Broderick refused to consider in Hubbuch I."* Resolving Defendant's motion therefore places this Court in the position of adjudicating the very theory it previously declined to review on procedural grounds, while the lawfulness of that prior procedural exclusion is actively under review by the Second Circuit.

*Second*, Plaintiff is the appellant in No. 26-2728, and the motion to dismiss in **ECF 14** confirms that Defendant intends to make the appealed rulings the centerpiece of its defense here. In fact, the opening paragraph of Defendant's brief relies expressly on this Court's prior finding that Plaintiff is a *"vexatious litigant"* who *"has repeatedly misrepresented facts"* to argue that the current FCRA claims are *"no different"* and *"meritless."* Defendant is thus asking this Court to dismiss the new action by adopting its own prior characterizations of Plaintiff from a case that is currently on appeal. Adjudication of this action by the same judicial officers whose rhetoric and actions are under review would create appearance concerns regardless of how the motion is resolved on the merits.

*Third*, the timing confirms that the designation is not a neutral administrative convenience. Plaintiff's appellate brief was docketed in No. 26-2728 on October 29, 2026. Defendant filed its motion to dismiss five days later, on November 3, 2026 — the same day it filed its scheduling notification in No. 26-2728, selecting a briefing deadline of January 28, 2027

under Local Rule 31.2. (**No. 26-2728, ECF 24.**) The practical effect is that this Court may be asked to rule on the preclusive effect of its own judgment before the Second Circuit has had the opportunity to review that judgment.

Plaintiff does not suggest that the designation was improper when made, and he does not impugn the motives of any party or the Court. He submits only that the posture has materially changed since the relatedness statement was filed, and that the designation should be revisited before any substantive ruling in this case.

**NO WASTE**

This case is at its earliest stage. While Defendant has just filed a pre-answer motion to dismiss, no discovery has occurred, and no scheduling order is in place. Withdrawal of the designation and reassignment would waste nothing.

**REQUESTED RELIEF**

Plaintiff respectfully requests that this Court:

(a) Withdraw the related-case designation and return this case to Judge Rearden and Magistrate Judge Aaron; *or, in the alternative*,

(b) Decline to concur in the designation, so that the Assignment Committee may determine whether relatedness is appropriate under Rule 13(b).

Respectfully submitted,
*/s/**Edward B. Hubbuch***
Plaintiff, *pro se*

I have reviewed Plaintiff's letter-motion, as well as his supplementary letter (Doc. 22), and I decline to reconsider my decision to accept this case as related to 25-CV-406. The two cases involve substantially similar parties and arise out of the same series of events, satisfying relatedness under Division of Business Rule 13(a). Furthermore, as Plaintiff himself conceded in his Statement of Relatedness filed earlier in this action (Doc. 3), the claims asserted here are ones that Plaintiff belatedly attempted to introduce in 25-CV-406, an attempt I rejected as untimely. *Hubbuch v. Capital One, N.A. et al.*, 25-CV-406, Doc. 148 at 1–2.

Accordingly, Plaintiff's letter-motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at Doc. 21.

SO ORDERED:

Vernon Broderick

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

November 12, 2026

**AI DISCLOSURE AND CERTIFICATION**

I, Edward B. Hubbuch, hereby certify that I have read the Individual Rules & Practices in Civil Cases for Judge Vernon S. Broderick, United States District Judge for the Southern District of New York.

I used an artificial intelligence ("AI") tool in preparing the filing submitted in the above-captioned case on November 4, 2026. I further certify that I personally reviewed the filing for accuracy.

I independently verified each cited legal authority and factual assertion in the filing using publicly available federal court sources and multiple non-AI verification methods, including cross-checking across more than one research tool and manually confirming the accuracy of all citations and quotations.

I understand that I will be held individually responsible for the contents thereof according to Rule 11(b) of the Federal Rules of Civil Procedure and the certifications required thereunder, including verifying any portions of the filing drafted by generative AI, and that failure to comply with the Court's Individual Rules may result in sanctions, the document being stricken, or other remedies that the Court deems appropriate.

Dated: November 4, 2026

***/s/Edward B. Hubbuch***
Plaintiff, *pro se*